## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

CHANTAL CHATELAIN

VERSUS

TOWN OF BRUSLY

CIVIL ACTION

NO. 07-347-JVP-CN

# N O T I C E

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written recommendations within ten (10) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, November 8, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CHANTAL CHATELAIN**

**CIVIL ACTION**

**VERSUS**

**NO. 07-347-JVP-CN**

**TOWN OF BRUSLY**

### MAGISTRATE'S
### REPORT AND RECOMMENDATION

This action was removed to this Court on May 17, 2007.  On June 8, 2007, an Order was issued setting a scheduling conference for September 20, 2007.  On September 18, 2007, plaintiff's counsel filed a motion to withdraw as counsel of record.  This motion was granted on September 19, 2007, and the Court cancelled and reset the scheduling conference to October 19, 2007.  In that Order, the Court ordered plaintiff to appear, in person, at this conference if she had not yet obtained new counsel.  The Court further instructed that if new counsel was obtained, plaintiff was to notify her new counsel of the date and time of the conference so that he/she may attend on her behalf.

Pro se plaintiff failed to appear for the October 19th scheduling conference.  The Court issued a show cause order for October 26, 2007, for plaintiff to show why this suit should not be dismissed and other appropriate sanctions imposed for failure to appear for the scheduling conference.  Plaintiff failed to appear for the show cause hearing.

On October 26, 2007, the Court issued an Order for another show cause hearing for plaintiff to show why this suit should not be dismissed and other appropriate sanctions imposed for failure to appear for the scheduling conference and for failure to appear for the

show cause hearing scheduled for October 26, 2007.  This hearing was scheduled for November 8, and Plaintiff again failed to appear when the case was called.

In accordance with Rule 16 and Rule 37 (b)(2)(C) of the Federal Rules of Civil Procedure,  a civil action may be dismissed by the Court for failure to comply with the Orders of the Court.  In the present case, plaintiff failed to comply with three (3) orders of this Court, i.e., the Order of September 19, the Order of October 19, 2007, and the Order of October 26, 2007.

Further, under Uniform Local Rule 41.3M, failure of a pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to a party or the court due to an incorrect address and no correct address is filed for a period of 30 days.   The Court was informed of plaintiff's last known address on September 19, 2007, by counsel in their motion to withdraw.  As of this date, pro se plaintiff has not informed the Court of any change in address, although the record shows that the Order for counsel's withdrawal (Dkt. 8) and the Order resetting the scheduling conference (Dkt. #9), were returned as "Undeliverable" on September 24, 2007; the Order to Show Cause (Dkt. 13), was returned as "insufficient address/unable to forward" on October 30, 2007; the minute entry for the show cause hearing (Dkt. 14), was returned as "unable to forward" on November 6, 2007; and the second Order to Show Cause (Dkt. 15), was returned as "unable to forward" on November 6, 2007.

Finally, in accordance with Uniform Local Rules, Rule 41.3, a civil action may be dismissed by the Court for lack of prosecution, inter alia, where a cause has been pending six (6) months without proceedings being taken within such period.  See also, Rule 41(b),Federal

Rules of Civil Procedure.   This provision shall not apply, however, if the cause is awaiting action by the Court.  In the present case, no matters are pending before the Court and plaintiff has failed to take any action in this matter since it was removed, well over 6 months ago.

The failure of the plaintiff to prosecute this case has effectively derailed the progress of this action, and as a practical matter, the case cannot proceed if the plaintiff does not proceed.  Barring the plaintiff from calling any witnesses or pursuing any defenses at a trial would be ineffective because in the absence of the plaintiff, there can be no such trial or hearing.  Therefore, the imposition of sanctions short of dismissal, without prejudice, would be ineffective under the circumstances of this case.  John v. State of Louisiana, et al., 828 F.2d 1129 (5th Cir. 1987).        **RECOMMENDATION**

It is recommended that this matter be dismissed for failure to prosecute in accordance with Rule 41(b), Fed. Rules of Civil Procedure and Uniform Local Rules, Rule 41.3, and for failure to obey the orders of the Court in accordance with Rule 16 and Rule 37 (b)(2)(C) of the Fed. Rules of Civil Procedure.

Signed in chambers in Baton Rouge, Louisiana, November 8, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**